# EXHIBIT A

## IN THE KANAWHA COUNTY CIRCUIT COURT, WEST VIRGINIA

**JULIA WILLIAMS**
    **Plaintiff,**

2017 SEP 27 AM 11: 58

Civil Action No.

    v.

**LOVED ONES IN HOME CARE, LLC**
**and**
**DONNA SKEEN**
    **Defendants**

### SUMMONS

**To the above named Defendant: LOVED ONES IN HOME CARE, LLC, 144 7th Avenue, S. Charleston, WV 25303 (Via Secretary of State)**

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon Mark A. Toor, Esq., counsel for Plaintiff, at 10 Hale Street, 2nd Floor, Charleston, West Virginia 25301, an Answer, including any related counterclaims or defense you may have, to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your Answer within 30 days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, thereafter judgment, upon proper hearing and trial, may be taken against you for the relief demanded in the Complaint and you will be thereafter barred from asserting in another action any claim, cross claim, or defense you may have, which must be asserted in the above-styled action.

Dated: 9-20-17

**Cathy S. Gatson, Clerk**
Clerk of the Court

By: _____

IN THE CIRCUIT COURT OF _____ **KANAWHA** _____ COUNTY, WEST VIRGINIA

## CIVIL CASE INFORMATION STATEMENT
### (Civil Cases Other than Domestic Relations)

**I. CASE STYLE:**

| | |
|---|---|
| **Plaintiff(s)** | Case No. 17-C-139 |
| JULIA WILLIAMS | Judge: Stucky |

**vs.**

**Defendant(s)**

LOVED ONES IN HOME CARE, LLC and
_Name_

DONNA SKEEN,
_Street Address_

144 7th Avenue, S. Charleston, WV 25303
_City, State, Zip Code_

**Days to Answer** 30/20

**Type of Service** Sect of State/Personal

---

**II. TYPE OF CASE:**

- ☑ General Civil
- ☐ Mass Litigation *[As defined in T.C.R. 26.04(a)]*
  - ☐ Asbestos
  - ☐ FELA Asbestos
  - ☐ Other:
- ☐ Habeas Corpus/Other Extraordinary Writ
- ☐ Other:

- ☐ Adoption
- ☐ Administrative Agency Appeal
- ☐ Civil Appeal from Magistrate Court
- ☐ Miscellaneous Civil Petition
- ☐ Mental Hygiene
- ☐ Guardianship
- ☐ Medical Malpractice

---

**III. JURY DEMAND:** ☑ Yes ☐ No  CASE WILL BE READY FOR TRIAL BY (Month/Year): 08 / 2018

---

**IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS?**

☐ Yes ☑ No

**IF YES, PLEASE SPECIFY:**
- ☐ Wheelchair accessible hearing room and other facilites
- ☐ Reader or other auxiliary aid for the visually impaired
- ☐ Interpreter or other auxiliary aid for the deaf and hard of hearing
- ☐ Spokesperson or other auxiliary aid for the speech impaired
- ☐ Foreign language interpreter-specify language: _____
- ☐ Other: _____

---

Attorney Name: Mark A. Toor (WVSB #5228)

Firm: Mark A. Toor, Esq.

Address: 10 Hale Street, 2nd Floor, Charleston, WV 25301

Telephone: (304) 380-2111

☐ **Proceeding Without an Attorney**

Representing:
- ☑ Plaintiff        ☐ Defendant
- ☐ Cross-Defendant  ☐ Cross-Complainant
- ☐ 3rd-Party Plaintiff ☐ 3rd-Party Defendant

---

Original and __1__ copies of complaint enclosed/attached.

Dated: 09 / 20 / 2017        Signature: _____

**SCA-C-100: Civil Case Information Statement (Other than Domestic Relations)**        Revision Date: 12/2015

IN THE KANAWHA COUNTY CIRCUIT COURT, WEST VIRGINIA

JULIA WILLIAMS
    Plaintiff,

    v.

                     Civil Action No. 17-C-1319
                                Stucky

LOVED ONES IN HOME CARE, LLC
and
DONNA SKEEN
    Defendants

## COMPLAINT

Plaintiff, Julia Williams, ("Plaintiff") brings this action to recover unpaid overtime wages under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §201, *et seq.*) (hereafter referred to as "the Act" or "FLSA"). Plaintiff contends she was improperly classified as "exempt" from the overtime provisions of the FLSA throughout her employment with Defendants and, as a result, was denied overtime pay at enhanced rates for all hours over forty worked in any one workweek. Plaintiff also contends Defendants violated the FLSA by failing to maintain accurate records of her work hours.

### Jurisdiction

1.    Subject matter jurisdiction over this action is conferred on this court by Section 16 of the Act (29 U.S.C. §216).

2.    Plaintiff is a resident of Jackson County and a former "Employee" of Defendants as that term is defined in the Act (29 U.S.C. §203(e)), who was employed by Defendants at their work location in Kanawha County, West Virginia.

3.    Defendant Loved Ones in Home Care, LLC, ("LOHC") is a West Virginia limited liability company, is engaged in business in Kanawha County, and is an "Employer" as that term is defined in the Act (29 U.S.C. §203(d)). Individual Defendant Donna Skeen

is a member or the managing member of Defendant LOHC, controls the day-to-day operations of LOHC and is an "Employer" as that term is defined in the Act (29 U.S.C. §203(d)).

4.      LOHC is subject to "Enterprise Coverage" under the Act because it has annual sales of at least $500,000.  29 U.S.C. §203(s).

## Background Facts (FLSA)

5.      Plaintiff worked for approximately eleven (11) years for LOHC as a Scheduler for home health care providers, leaving that employment in late 2015.

6.      Plaintiff's former position as a Scheduler required no professional education, license or specialized training; it involved no independent judgment or exercise of discretion over matters of significance to the business, nor; did it include any management or supervisory responsibilities.  Plaintiff's position as a Scheduler did not involve work in the computer field nor was she involved in outside sales.

7.      At no time during her tenure with Defendants did the work performed by Plaintiff qualify her for an exemption from the overtime requirements of the FLSA.

8.      Plaintiff regularly and consistently throughout her tenure with Defendants worked far in excess of forty (40) hours in each workweek.

9.      In addition to working in excess of eight (8) hours on most weekdays, Plaintiff was regularly required to work after normal working hours.  In addition, Plaintiff and other Schedulers were required to rotate working weekends on-call.

10.     Defendant failed to maintain—and did not require Plaintiff to maintain—any record of her hours actually worked despite the requirements of the FLSA at any time during her employment.

11.     Plaintiff is capable of producing some credible evidence of hours she worked in excess of forty each workweek through reference to personal calendars, outside appointment times, family member affidavits, etc.

### FLSA Claims

12.     Defendants failed and refused to pay Plaintiff in accordance with the mandates of the FLSA and Plaintiff has suffered damages by way of lost overtime wages as a result.

13.     Defendants knowingly and deliberately failed and refused to pay Plaintiff in accordance with the mandates of the FLSA in order to save themselves the expense of paying her an enhanced overtime hourly rate.

**WHEREFORE**, having stated her complaint against Defendants for her cause of action, Plaintiff seeks relief and judgment from Defendants as follows:

a. An order entered pursuant to 29 U.S.C. §216(b) finding Defendant liable to Plaintiff for all damages she has suffered by way of Defendants' failure to pay her for all hours over forty (40) in any one workweek at an enhanced overtime hourly rate; liquidated damages in an amount equal to her actual damages, and; attorney fees, costs and interest associated with the pursuit of this action. Plaintiff seeks damages incurred over a period of three years predating the filing of this Complaint under 29 U.S.C. §255 for the willful violations of the Act;

b. Such other relief as the court may deem proper.

Plaintiff demands a jury trial.

JULIA WILLIAMS
By Counsel

_____
Mark A. Toor (WVSB #5228)
1210 Kanawha Blvd., East
Charleston, WV  25301
304-380-2111
mark@marktoor.com