**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON**

**JULIA WILLIAMS,**
        **Plaintiff,**


**v.**                                                        **CIVIL ACTION NO. 2:17-cv-04162**


**LOVED ONES IN HOME CARE, LLC,**
**and DONNA SKEEN,**
        **Defendants.**

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
## MOTION FOR SUMMARY JUDGMENT

### INTRODUCTION

Plaintiff Julia Williams' ("Plaintiff") has filed a Complaint against Defendants, Loved Ones in Home Care, LLC ("Loved Ones") and Donna Skeen ("Skeen") (collectively "Defendants"), claiming she was improperly classified as "exempt" from the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and, as a result, is due unpaid overtime wages and liquidated damages.  She asserts a willful violation by Defendants for alleged improper classification of her as an "exempt" employee and she claims a three-year statute of limitations period from the date the Complaint was filed, September 20, 2017, for a three-year period back to September 20, 2014. (Doc 1 at Ex. A).

The Defendants have filed a Motion for Summary Judgment asserting Plaintiff's claims for unpaid overtime wages fail as a matter of law because: (1) Plaintiff cannot meet her burden of proof to assert a willful violation against Defendants and, therefore, the two-year statute of limitations applies; (2) Plaintiff's claims are barred based on the U.S. Department of Labor's ("DOL") finding that Plaintiff was properly classified as an "exempt" employee and Defendants'

good faith reliance on the same; (3) Plaintiff's claims are barred as she was properly classified as an "exempt" employee; and (4) Plaintiff cannot meet her burden of proof to show with specificity her claims for damages, if any.

By Plaintiff's own admission, there are no underlying facts that support a willful violation of the FLSA by Defendants. For this reason, the two-year, and not the three-year, statute of limitations period applies. Therefore, assuming *arguendo* Plaintiff can present sufficient evidence that she performed work in excess of forty hours during her last week of employment, then she would be limited to one week of overtime for any hours worked beyond forty in that week.  Also, if this Court determines that Plaintiff may have a claim, Plaintiff is not entitled to liquidated damages due to Defendants' good faith reliance on the DOL's ruling that Plaintiff was properly classified as an exempt employee.  Based upon the foregoing, as more fully discussed herein, this Court should grant the Defendants' Motion for Summary Judgment and dismiss this case in its entirety.

**<u>FACTUAL BACKGROUND AND PROCEDURAL HISTORY</u>**

Plaintiff began her employment with Loved Ones at the Ripley, WV office in 2005 as an aide/caregiver and then moved to a part-time position as an office secretary. Ex. A, Depo. of Julia Williams at pp. 9-11 (hereinafter "Ex. A").  Thereafter, she was promoted to the position of office manager/scheduling coordinator for the Ripley office. *Id*. at p. 12. In 2010 or 2011, she was requested to relocate to Loved Ones' corporate office in South Charleston, WV. *Id* at pp. 33-35. She was employed in the South Charleston office as a scheduling coordinator until approximately September 18, 2015, when she quit her employment. *Id*. at pp. 34; 144-146.[1]

---

[1] This date of September 18, 2015 is based on Plaintiff's own testimony. *Id*. at pp. 144-46; *see* also Ex. B, *Plaintiff's Responses to Defendants First Set of Discovery Requests to Plaintiff, Julia Williams* at Interrog. Nos. 14 (hereinafter "Ex. B")("I believe the last day I actually worked was September 16, 2015").

From the time Plaintiff was employed in the position of scheduling coordinator/office manager for the Ripley office in 2005 to her last date of employment, Plaintiff was compensated on a salary basis, i.e. she received a predetermined sum of monies as compensation for all hours of work performed each workweek.  Plaintiff recalled she received at least $455.00 for each workweek in which she performed work. *Id*. at pp. 42 and 172.  In addition, Plaintiff recalled receiving additional monies to assist with expenses to travel from her home in Jackson County to the South Charleston corporate office and to assist with child care costs.  *Id*. at p. 43.  Plaintiff further recalled attending at least one all-inclusive paid beach trip with other management staff of Loved Ones.  *Id*. at p. 44.

Plaintiff's job duties and tasks as scheduling coordinator were myriad and included several tasks to benefit the management operations of Loved Ones:

- she conferred with clients regarding care and the scheduling of care, filled out paperwork, and verified information with upper management. Ex A. at pp. 28, 31; Ex A. at Depo. Ex. 2, 4, 7, and 8; Ex B at Interrog. Nos. 10 and 11; and Ex. C, Dep. of Donna Skeen, (hereinafter "Ex. C"), Vol. I at pp. 46-52;

- she controlled and maintained the schedule of certain aides for Loved Ones' clients. Ex A. at p. 28; Ex A. at Depo. Ex. 7; and Ex B at Interrog. Nos. 10 and 11;

- she maintained daily staffing reports. Ex. A. at pp. 90-91; Ex. A at Depo. Ex. 8; and Ex. C, Vol. I, at p. 56;

- she played a role in the hiring of new aides, including calling potential employees in for a pre-hire drug test. Ex. A. at pp. 28-30 and 62; Ex. A. at Depo. Ex. 4; Ex B at Interrog. Nos. 10 and 11; and Ex. C, Vol. I, at pp. 47, 136,147-149, 153;

- she had discretion to disregard or reject an application for employment based on certain terms or conditions. Ex. A. at pp. 29-30;

- she would receive calls from scheduling coordinators in other offices seeking guidance and direction. Ex. A. at p. 39;

- she would notify the Registered Nurses as to pertinent information related to clients. Ex. A at p. 54; and Ex. B at Interrog. Nos. 10 and 11;

- she would assist with the billing of services. Ex B. at Interrog. Nos. 10 and 11;

- in her discretion, she would report improper actions of other employees, such as failure to follow policies or procedures, to upper management. Ex. A at pp. 74-75.

- when necessary, she would fill out termination reports and employee warning reports. Ex. A at pp. 75-80; and Ex. A at Depo. Ex. 4;

- she filled out discharge summary sheets, completed daily staffing reports, maintained schedules, maintained transportation logs, signed vacation requests, and filled out employee waring report forms and new hire questionnaires. Ex. A at Depo. Ex. 4, 5, 6, 7 and 8.

In 2014-2015, while Plaintiff was employed as a scheduling coordinator with Loved Ones, DOL performed an investigation to determine if employees were properly classified and paid under the FLSA. Plaintiff was interviewed by a DOL agent as a part of that investigation. Plaintiff's responses to questions during her DOL interview were summarized in a written statement by DOL dated October 1, 2014. Ex. A. at pp. 118; 121-22; and Ex. A. at Depo. Ex. 9. The written statement says Plaintiff was paid a salary exceeding $455 per week and she worked from 8:30 to 4:30 Monday through Friday. Ex. A at Depo. Ex. 9, Bates Nos. 1857-58. It stated she was responsible for the scheduling of aides, was involved in the disciplinary aspects of aides, and implemented and enforced employee attendance policies. *Id.*[2]

On February 20, 2015, DOL issued findings that Plaintiff was properly classified as an exempt employee not subject to the overtime provisions of the FLSA:

---

[2] While the DOL written statement is redacted, it is undisputed that this statement was signed by Plaintiff and it addresses the "scheduling coordinator" position in which Plaintiff was currently employed. Ex. A at p. 123 and Ex. B. at Request for Adm. No. 42. In Plaintiff's deposition, she first admitted that the statement was "accurate." Ex. A at pp. 118; 121-122. Plaintiff then waivered from that testimony when questioned by her legal counsel, opining that the statement was only partially accurate. Ex. A at p. 168-169. That is tantamount to accusing the DOL of misconduct and that suggestion should be rejected by this Court.

541.100:[3] The exemption was claimed and found applicable for current and former . . . Scheduling Coordinators . . . based on the criteria required by the regulations: management as the primary duty with recommendation authority to hiring, firing and/or disciplinary actions; supervision of at least 2 employees at all times; and the minimum salary of $455 per week. The exemption criteria were extensively reviewed during the initial conference. (Ex. A at Depo. Ex. 9, at Bates No. 1831).

Over two years later, Plaintiff filed her Complaint in the Circuit Court of Kanawha County, WV, on September 20, 2017.  Defendants timely filed a notice of removal on October 13, 2017. (Doc. 1).   On October 20, 2017, Loved Ones filed an Answer and Affirmative Defenses to the Complaint. (Doc. 3).   On November 21, 2017, Skeen filed her Answer and Affirmative Defenses to the Complaint. (Doc. 6).   Thereafter, discovery by the parties was conducted.  There is no genuine issue of material fact in this case and, therefore, it is now ripe for summary judgment.

## STANDARD OF REVIEW

Summary judgment is appropriate when the record shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[4] Where there are no genuinely disputed facts that remain to be tried, the Court may resolve the legal questions of the parties as a matter of law and may enter judgment accordingly. *Workman v. United Artists Theater Circuit, Inc*., 84 F. Supp. 2 d 790, 792 (S.D. W.Va. 2000).

In reviewing the record on summary judgment, the Court "must draw any inferences in the light most favorable to the non-movant" and "determine whether the record taken as a whole could lead a reasonable trier of fact to find for the non-movant." *Brock v. Entre Computer Ctrs., Inc.*, 933 F.2d 1253, 1259 (4th Cir. 1991) (citations omitted).  The mere existence of a scintilla of evidence is insufficient; there must be evidence on which the jury could reasonably find for the

---

[3] This is in reference to 29 C.F.R. 541.100, the executive employee exemption under the FLSA.
[4] See also *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, (1986).  "Once a motion

for summary judgment is properly made, the opposing party has the burden to show that a

genuine dispute of material fact exists." *Riggle v. Revolution Darts & Billiards-Centreville, LLC*,

2018 U.S. Dist. LEXIS 55065, at *3 (E.D. Va. Mar. 30, 2018) (internal citations omitted).

## ARGUMENT

### I.  PLAINTIFF HAS NO EVIDENCE TO SUPPORT A WILLFUL VIOLATION AND, THEREFORE, THE TWO-YEAR STATUTE OF LIMITATIONS APPLIES.

Plaintiff alleges Defendants willfully violated the FLSA and she seeks to apply a three-

year statute of limitations period from the date of her Complaint.  29 U.S.C. § 256 and Doc. 1 at

Ex. A.[5]  Defendants contend Plaintiff cannot meet her burden of proof on a willful claim and,

therefore, the two-year statute of limitations applies.  Only in cases where a willful violation is

found to occur does the three-year statute of limitations period apply. 29 U.S.C. § 255(a);

*Desmond v. PNGI Charles Town Gaming, L.L.C*., 630 F.3d 351, 357 (4th Cir. 2011).

The two-tier statute of limitation system was created to draw a "distinction between

ordinary violations and willful violations." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 132,

108 S. Ct. 1677 (1988).  The Supreme Court in *McLaughlin*, 486 U.S. at 132-33, 108 S. Ct. at

1681, explained:

> The fact that Congress did not simply extend the limitations period
> to three years, but instead adopted a two-tiered statute of
> limitations, makes it obvious that Congress intended to draw a
> significant distinction between ordinary violations and willful
> violations. It is equally obvious to us that the *Jiffy June* standard of
> willfulness – a standard that merely requires that an employer
> knew that the FLSA "was in the picture" – virtually obliterates any

---

[5] Under the FLSA, each workweek stands alone. 29 C.F.R. § 778.104. A cause of action accrues after
each regular payday.  Thus, Plaintiff may have a separate cause of action that accrued on each regular
payday. 29 C.F.R. § 790.21 (b).  The statute of limitations begins to run after each regular payday and,
because the Complaint in this case was filed on September 20, 2017, the lookback period for the willful
three-year statute of limitations period would be to September 20, 2014 and to September 20, 2015, for
the ordinary two-year statute of limitations period.

distinction between willful and nonwillful violations. As we said in *Trans World Airlines, Inc.* v. *Thurston*, 469 U.S. at 128, "it would be virtually impossible for an employer to show that he was unaware of the Act and its potential applicability." Under the *Jiffy June* standard, the normal 2-year statute of limitations would seem to apply only to ignorant employers, surely not a state of affairs intended by Congress.

In common usage the word "willful" is considered synonymous with such words as "voluntary," "deliberate," and "intentional." See Roget's International Thesaurus § 622.7, p. 479; § 653.9, p. 501 (4th ed. 1977). The word "willful" is widely used in the law, and, although it has not by any means been given a perfectly consistent interpretation, it is generally understood to refer to conduct that is not merely negligent. The standard of willfulness that was adopted in *Thurston* – that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute – is surely a fair reading of the plain language of the Act.

Plaintiff bears the burden of proving a willful violation and summary judgment is appropriate when that burden is not met. *Calderon v. GEICO Gen. Ins. Co*., 809 F.3d 111, 132 (4th Cir. 2015) (citations omitted). Failure to do so limits Plaintiff to a two-year statute of limitations period. *Desmond*, 630 F.3d at 358; see also *McLaughlin* 486 U.S. at 135, 108 S. Ct. at 1682 (1988); and *De Luna Guerrero v. North Carolina Grower's Ass'n*, 370 F. Supp. 2d 386, 388 (E.D. N.C. 2005). In order to overcome her burden of proof, Plaintiff must present sufficient evidence of willfulness in order to survive summary judgment by Defendants. *See Pignataro v. Port Authority*, 593 F.3d 265, 273 (3d Cir. 2010) and see also *Prusin v Canton's Pearls, LLC*, 2017 U.S Dist. LEXIS 160810 (D. Md. 2017).   If she is unable to present sufficient evidence, the two-year statute of limitations period must be applied by this Court.

Under *McLaughlin*, *supra*, a violation is willful only if the plaintiff can establish the employer either knew or showed reckless disregard for whether its conduct was prohibited. *McLaughlin*, 486 U.S. at 133. "If an employer acts unreasonably, but not recklessly, in

determining its legal obligation" it is still not considered willful conduct. *Id.* at 135 n.13. Hence, "[m]ere negligence on the part of the employer with regard to compliance with the FLSA is not sufficient to prove willfulness." *Gionfriddo v. Jason Zink, LLC*, 769 F. Supp. 2d 880, 890 (D. Md. 2011) (citation omitted); *see also Desmond*, 630 F.3d at 357.

In this case, Plaintiff offers no evidence that Defendants had actual knowledge that they were or may have been in violation of the FLSA. Further, there is no evidence of reckless disregard. Plaintiff was asked about any evidence she had regarding a willful violation:

> Q    Okay. Do you have any evidence that Loved Ones wilfully [sic] failed to properly classify you as a nonexempt employee?
> A    No, I do not.
> Q    Okay. Do you have any evidence that Loved Ones knew you were to be classified as a nonexempt employee?
> A    No, no evidence.
> Q    Okay. Do you have any evidence that Loved Ones acted with reckless disregard with regard to your classification as exempt under the FLSA?
> A    No evidence, no.
> Q    Are you aware of Loved Ones taking any action to ignore Department of Labor warnings regarding your classification as exempt?
> A    No.
> Q    Did Loved Ones block any investigations of your status by the Department of Labor?
> A    Not that I knew of.
> Q    Okay. Are you aware of any Loved Ones audits or internal documents that show you should have been a nonexempt employee?
> A    No, I am not aware of that.
> Q    Are you aware of the Department of Labor ever citing Loved Ones for classifying the scheduling coordinator as an exempt position?
> A    No, I am not.
> Q    Are you aware of Loved Ones falsifying or destroying any records related to your classification?
> A    Not that I recall, no.
> Q    And are you aware that the Department of Labor concluded that you were properly classified as exempt by the narrative dated February 20th, 2015?
> A    No.

> Q   But you've seen it today.  Correct?
> A   That's correct.

Ex. A at pp. 154-55.  Plaintiff has failed to produce any documentation that indicates Defendants may have willfully violated the FLSA.[6]

Additionally, it is undisputed that the DOL concluded that Plaintiff was properly classified as an exempt employee. Ex. A at Depo. Ex. 9. Defendants relied on that finding and continued to classify Plaintiff as an exempt employee.[7] Defendants' reliance on the DOL's finding was proper in accordance with the law. 29 U.S.C. § 259; *see also* 29 C.F.R. § 790.13. The DOL's finding that Plaintiff was properly classified further supports Defendants' assertion that Plaintiff cannot meet her burden of proof in establishing willful misconduct by Defendants in order to apply a three-year statute of limitations period in this case.  Loved Ones appropriately relied upon the ruling of the DOL and, at all relevant times, attempted to comply and conform with the rulings, interpretations of the law and guidance provided to it by the DOL.  29 U.S.C. § 259.  Loved Ones' reliance on the DOL's findings should be given weight by this Court and lead it to conclude that Defendants' alleged conduct is not willful in this case.

As shown by Plaintiff's testimony, responses to discovery, and the findings of the DOL investigation, Plaintiff has failed to offer any evidence that suggests or implies Defendants may have willfully violated the FLSA. For these reasons, Plaintiff's claims that a three-year statute of limitations period, for a willful violation of the FLSA, should be rejected as a matter of law and this Court should determine that, at best, Plaintiff has an ordinary claim subject to a two-year statute of limitations period, September 20, 2017 to September 20, 2015.

---

[6]   *See* Ex. D, *Plaintiff's Responses to Defendants' Second Set of Discovery Requests to Plaintiff, Julia Williams* (hereinafter "Ex. D"), at Request for Production No. 17; *see* also Ex. B at Request for Production No. 13 (No responsive documents that support the assertion that Defendants knowingly and deliberately failed or refused to pay Plaintiff in accordance with the FLSA).

[7] Ex. B at Request for Admission Nos. 10, 11, 27, and 28 (Plaintiff admitted that, during all relevant time periods, Loved Ones continued to compensate her on a weekly, predetermined salary basis).

## II. PLAINTIFF'S CLAIMS ARE BARRED BY THE PORTAL-TO-PORTAL ACT'S GOOD FAITH DEFENSE.

Plaintiff's claims, if any, are barred by the good faith defense set forth under the 1947 Portal-to-Portal Act. 29 U.S.C. §§ 251, *et seq.* 29 U.S.C. § 259, provides Defendants with a complete and absolute good faith defense against Plaintiff's claims in this case and, on that basis, Defendants are entitled to summary judgment as a matter of law.[8]  As previously discussed, in 2014-2015, Loved Ones was investigated by the DOL. During the course of the investigation, the DOL examined policies and procedures of Loved Ones and interviewed several employees, including Plaintiff. At the conclusion of the investigation, on February 20, 2015, a written finding was issued that concluded that Plaintiff was properly classified as an exempt employee subject to the executive employee exemption. Ex. A at Depo. Ex. 9.  Based on this finding by the DOL, Loved Ones continued to classify Plaintiff as a salaried, exempt employee under the FLSA. Ex. B at Request for Admission Nos. 10, 11, 27, and 28. This reliance upon the DOL's ruling provides the Defendants with a good faith defense to Plaintiff's allegations in this case. 29 U.S.C. § 259; *see also* 29 C.F.R. § 790.17.[9]

---

[8] Defendants asserted the good faith defense in their Answers (Docs. 3 and 6).  The undisputed facts support a finding Defendants relied on the DOL's findings. Ex. B at Request for Admission Nos. 10, 11, 27, and 28; Ex. A at Depo. Ex. 9; and Ex. C, Vol. II at pp.73, 80-81 (Defendants retained legal counsel to assist during the DOL investigation and for advice regarding, in general, the FLSA and classification of employees, such as Plaintiff.).  Plaintiff's classification as an exempt employee was not amended, altered or rescinded after the DOL's findings were issued.  Ex. B at Request for Admission Nos. 10, 11, 27, and 28; Ex. C, Vol. II at p. 73.

[9] 29 U.S.C. § 259(a) provides in pertinent part:

> no employer shall be subject to any liability or punishment for or on account of the failure of the employer to pay minimum wages or overtime compensation under the Fair Labor Standards Act of 1938, as amended [29 U.S.C. 201 et seq.], . . . if he pleads and proves that the act or omission complained of was in good faith in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation, of the agency of the United States . . . Such a defense, if established, shall be a bar to the action or proceeding, notwithstanding that after such act or omission, such administrative regulation, order,

In relying on the good faith defense, an employer must show it acted as a reasonably prudent man would have acted under the same or similar circumstances and, additionally, must show that it actually relied upon the regulation, order, ruling, interpretation, policy or practice.[10] This Court should find that, at all times, Defendants appropriately relied upon and, in good faith, attempted to comply and conform to the rulings, interpretations of the law and guidance provided to it by the DOL and conclude that the Plaintiff was properly classified as exempt from the FLSA, 29 U.S.C. § 259.  Based upon the foregoing, Plaintiff's claims against Defendants are barred as a matter of law.

### III.   PLAINTIFF'S CLAIMS ARE BARRED BECAUSE SHE WAS PROPERLY CLASSIFIED AS AN EXEMPT EMPLOYEE NOT SUBJECT TO THE FLSA.

The Defendants also argue that this Court should award them summary judgment because Plaintiff was employed at all relevant times in a position exempt from the provisions of the FLSA. The FLSA exempts employers from the minimum wage and maximum hour requirements, including overtime, for those employees "employed in a bona fide executive,

---

ruling, approval, interpretation, practice, or enforcement policy is modified or rescinded or is determined by judicial authority to be invalid or of no legal effect.

[10]   *De Jesus De Luna-Guerrero v. N.C. Grower's Ass'n*, 370 F. Supp. 2d 386, 391 (E.D.N.C. 2005)(internal citations omitted). "In deciding whether defendants have proven good faith, the court must look at (1) the particular 'agency action' upon which the defendants relied; (2) whether defendants can show actual reliance upon it; and, (3) whether employer acted in good faith, both objectively and subjectively. *Id*. "To be insulated from liability under § 259's good faith exception, an employer must show it acted in (1) good faith, (2) conformity with, and (3) reliance on the DOL's regulations or the Administrator's Opinion Letter." *Acosta v. Team Envtl., LLC*, 2017 U.S. Dist. LEXIS 213452, at *16 (S.D. W. Va. Dec. 29, 2017)(quotations and citation omitted); *see also Alvarez v. IBP, Inc*., 339 F.3d 894, 907 (9th Cir. 2003)(same) and *Frank v. McQuigg*, 950 F.2d 590, 598 (9th Cir. 1991)(same). "This test has both objective and subjective components, asking how a reasonably prudent person would have acted under the same or similar circumstances and requiring the employer have honesty of intention and no knowledge of circumstances which ought to put him upon inquiry. *Alvarez v. IBP, Inc*., 339 F.3d 894, 907 (9th Cir. 2003)(internal citations omitted); see also 29 C.F.R. § 790.15(a).

administrative, or professional capacity. 29 U.S.C. § 213(a)(1).[11] The administrative employee exemption under 29 C.F.R. § 541.200(a) applies to any employee:

> (1) Compensated on a salary or fee basis at a rate of not less than $455 per week . . . ;
> (2) Whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and
> (3) Whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

As the Supreme Court recently recognized in *Encino Motorcars, LLC v. Navarro*, __U.S.__, __, 138 S. Ct. 1134, 1142 (2018) "the FLSA gives no 'textual indication' that its exemptions should be construed narrowly[.]" Thus, a "fair" reading should be given. The underlying facts in this case show that Plaintiff was employed in an administrative capacity based on the three-pronged test set forth above.  This Court has discretion as a matter of law to determine that Plaintiff is exempt under the FLSA.[12] While the duties and tasks actually performed by the employee is a question of fact, the determination of whether or not such activities exclude the employee from application of the FLSA is a question of law. *Icicle Seafoods, Inc. v. Worthington*, 475 U.S. 709, 714, 106 S. Ct. 1527, 1530 (1986).

With regard to the first prong of the test, there is no dispute that Plaintiff received a salary of more than $455 for each workweek potentially at issue in this case. Ex. B, Request for

---

[11] Defendants assert that Plaintiff meets both the administrative and the executive exemptions. However, Plaintiff disputes that she meets the test for the executive exemption.  Since there is a dispute of fact, Defendants only discuss and apply the administrative exemption for purposes of this argument.  It is further noted that the DOL, in its written findings of February 20, 2015 (Ex. A at Depo. Ex. 9) concluded that Plaintiff was exempt pursuant to the executive exemption.  For these reasons, should the Defendants not prevail on this motion, they reserve the right to later argue Plaintiff meets both the administrative and the executive exemption.

[12] "In FLSA exemption cases, '[t]he question of how [employees] spen[d] their working time . . . is a question of fact,' but the ultimate question of whether the exemption applies is a question of law. *Calderon v. GEICO Gen. Ins. Co*., 809 F.3d 111, 120 (4th Cir. 2015); citing *Icicle Seafoods, Inc. v. Worthington*, 475 U.S. 709, 714, 106 S. Ct. 1527, 89 L. Ed. 2d 739 (1986); see also *Shockley v. City of Newport News*, 997 F.2d 18, 26 (4th Cir. 1993).

Admission Nos. 29 and 30. As such, the first prong of the test is clearly met in this case.  The second prong of the test, 29 C.F.R. § 541.200(a) provides:

> an employee's primary duty must be the performance of work directly related to the management or general business operations of the employer or the employer's customers. The phrase ''directly related to the management or general business operations'' refers to the type of work performed by the employee. To meet this requirement, an employee must perform work directly related to assisting with the running or servicing of the business, as distinguished, for example, from working on a manufacturing production line or selling a product in a retail or service establishment.

The regulations further provide examples of work that would likely be considered work directly related to management or general business operations including, but not limited to, quality control and personnel management. 29 C.F.R. § 541.201.

The third prong of the test, 29 C.F.R. § 541.202 provides in part:

> In general, the exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered. The term 'matters of significance' refers to the level of importance or consequence of the work performed. . . .  The phrase 'discretion and independent judgment' must be applied in the light of all the facts involved in the particular employment situation in which the question arises.

That regulation goes on to provide factors to consider on the employee's exercise of discretion and independent judgment.  Defendants contend that an examination of Plaintiff's job duties, summarized above at pp. 3-5, should lead this Court to conclude as a matter of law that she meets the second and third prongs of the test.  Plaintiff performed her duties without direct supervision. Plaintiff's primary duty was to service clients and perform office work directly related to the management and general business operations of Loved Ones.  An employee need not spend all of her time performing such tasks. Rather, the regulations provide guidance that

13

primary duty only means the major part, or roughly 50 percent, of the employee's time. 29 C.F.R. § 541.700; see also U.S. Dept. of Labor Opt. Letter, FLSA2017-12 (Dec. 18, 2017); U.S. Dept. of Labor Opt. Letter, FLSA2018-8 (Jan. 6, 2018); and U.S. Dept. of Labor Opt. Letter, FLSA2018-15 (Jan. 5, 2018).   Based on the forgoing, Plaintiff meets all three prongs of the test set forth under the FLSA regulations for the administrative employee exemption.   For this reason, summary judgment is appropriate in favor of Defendants and this Court should conclude as a matter of law that Plaintiff was properly classified under the FLSA as exempt.

## IV.   PLAINTIFF'S UNPAID OVERTIME WAGE CLAIMS ARE WITHOUT MERIT BECAUSE SHE CANNOT PROPERLY ARTICULATE THEM.

Assuming *arguendo* that, despite the above-mentioned arguments, Defendants may be in violation of the FLSA, the undisputed facts demonstrate Plaintiff has failed to specifically articulate her unpaid overtime wages that she alleges are due and owing. Critical to measuring damages under the FLSA is determining the exact or approximate number of hours allegedly worked by Plaintiff beyond forty hours in any given workweek.   Plaintiff bears the burden of proof to show that she performed work for which she was not properly compensated.   *Anderson v. Mt. Clemens Pottery Co*., 328 U.S. 680, 686-87, 66 S. Ct. 1187, 92 L. Ed. 1515 (1946) (Superseded by passage of the Portal-to-Portal Act in 1947, on other grounds).   It is undisputed that sufficient records were not retained by the employer, so the employee has a burden of proof to prove that she has in fact performed work for which she was not compensated and then, second, "produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Id.*   Only after the employee has sufficiently met this two-prong test does the burden shift to the employer to present evidence "of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Id.*

"While employees need not prove each hour of overtime work with unerring accuracy or certainty, . . . enough evidence must be offered so that the court . . . may estimate the unrecorded hours." *Reynolds v. Wyndham Vacation Resorts*, 2016 U.S. Dist. LEXIS 10568, at *19 (D.S.C. Jan. 29, 2016)(internal citations omitted).  Information beyond "blanket assertions" is necessary. *Id.* at *20. General testimony regarding which tasks were allegedly performed is insufficient to meet the burden of proof.  There must be sufficient "evidence to estimate the amount and extent of hours worked in excess of forty per week[.]" *Lee v. Vance Exec. Prot. Inc*., 7 F. App'x 160, 166 (4th Cir. 2001)(unpublished opinion).  In applying the two-prong test of *Anderson*, the Fourth Circuit in *Lee* stated, 7 F. App'x at 166:

> Though the Agents have easily satisfied the first prong of their burden by proving that they performed work for which they were not compensated, we agree with the district court that the Agents have not come forward with "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Id.* at 687. The bulk of the Agents' proof on the second prong concerns work done for demanding clients . . . , but the record is bereft of evidence showing the amount or extent of this extra work. While we acknowledge that the Agents need not "prove each hour of overtime work with unerring accuracy or certainty," *Pforr v. Food Lion, Inc.*, 851 F.2d 106, 108 (4th Cir. 1988), enough evidence must be offered so that the court as "a matter of just and reasonable inference" may estimate the unrecorded hours, *Mt. Clemens Pottery Co.*, 328 U.S. at 687. Because there is insufficient evidence to estimate the amount and extent of hours worked in excess of forty per week, we affirm the grant of summary judgment as to the unrecorded hours.

Like the plaintiffs in *Lee*, Plaintiff in this case has failed to meet her burden of proof. Instead, she has presented general, conclusory statements that, even as a matter of just and reasonable inference, cannot sustain her burden of producing sufficient evidence showing the amount of and the extent of overtime work that she allegedly performed.[13]

---

[13] The only documentation presented by Plaintiff to support her claims are her personal cellphone records. Ex. D, Response to Interrog. Nos. 15, 16 and 17 referencing "phone records" and Response to Request for

In her deposition, as directed by her legal counsel, Plaintiff stated that she worked 8 to 10 hours each weekday and 10 to 12 hours each weekend that she was on-call. *See* Ex. A, pp. 101-02.   Yet she contradicted herself later in her deposition when she testified she may have only worked after 5 p.m. on a weekday one or twice a week. *Id*. at p. 130. She also retracted her legal counsel's statement made via email to Defendants' counsel that she would work one to two hours beyond an eight-hour workday each day. *Id*. at p. 131. This statement is also contradicted in her responses to Defendants second set of discovery.[14] As illustrated by her deposition testimony, Plaintiff cannot even estimate the number of hours she allegedly worked beyond forty in any given workweek, Ex. A at p. 132:

---

Production Nos. 16, 18 and 19, inferring phone records as the documents; see also Ex. E, being a sampling of the phone records produced by Plaintiff.  Although Plaintiff provided these documents in support of her claims, she admitted she had not personally reviewed the records. Ex. A  at p. 100.  She further admitted she would be unable to identify time allegedly spent working for Defendants verses personal phone calls placed to third-parties. *Id*. When Plaintiff was asked how the phone records supported her case, she stated that was a determination for Defendants. *Id.* pp. 102-11.  Plaintiff's legal counsel later admitted they did not intend to rely upon the phone records. *Id.* p. 104 ("…the entirety of the evidence we intend to offer is going to be her testimony").  In response to written discovery requests for information related to damages, Ex. D, Response to Interrog. Nos. 15, 16, and 17, Plaintiff provided the following response:

> RESPONSE:
> The phone records are all we're going to have as far as independent documentary evidence supporting her claim to hours worked.  I then expect to rely on the anecdotal testimony from her relatives/friends/co-workers about the hours she was available by phone doing work, hours of leaving/returning home, etc. Here's what I expect to show:  she believes her phone records will support her working on average 1-2 hours beyond an 8 hour day each weekday (10 hours of OT/week x 52 weeks = 520 hours OT/weekdays per year); 8-10 hours of actual working time on *alternate* weekends when she would be on-call (10 hours of OT x 26 weeks = 260 hours OT/weekends per year). We calculate a potential liability of 780 hours/year.  While this uses the high end of our estimate on hours worked, that nets your client the benefit of more hours divided into her hourly rate.  At $42,000/year divided by her hours worked (780 OT plus 2080 straight time= 2860 hours/year), her (simple) hourly rate would be about $14.68 for an OT-owed rate of $7.34/hour.   This mean OT potential of $5,725/year x 2 for liquidateds [sic] x 2/3/ years = ????

[14] Ex. D, Response to Interrog. Nos. 15, 16, and 17.

> Q. Are you claiming that you worked on average one to two hours beyond an eight-hour day each workday?
> A. No.
> Q. Okay. What are [sic] claiming that you worked on average overtime for each workday?
> A. There again, I can't tell you.  it goes back to what we talked about before.  It could be one hour this day, nothing this day, all hell breaks loose this day.  I can't sit here and tell you if it was one to two hours every day.

Since Plaintiff's own testimony establishes that she cannot demonstrate the amount of hours that she worked overtime for any given period of time, her testimony is unreliable and should not be relied upon in this case.  Because Plaintiff offers no further evidence other than her muddled testimony, Plaintiff fails to meet her burden of proof of providing more than just "blanket assertions" related to alleged unpaid overtime wages. Because Plaintiff has not carried her burden in meeting the two-prong test set forth in *Anderson*, *supra,* this Court must grant summary judgment in favor of Defendants.

## V. PLAINTIFF'S UNPAID OVERTIME WAGE CLAIMS, IF ANY, WITH THE EXCEPTION OF ONE WEEK, FALL OUTSIDE OF THE TWO-YEAR STATUTE OF LIMITATIONS PERIOD.

Should this Court conclude Plaintiff's claims survive the foregoing arguments, but agree that the two-year statute of limitations period applies, then, Plaintiff's claims are limited to her last week of employment.  Applying the two-year statute of limitations period, a majority of Plaintiff's claims, if any, fall outside of the two-year claims window because: (1) each workweek stands alone, (2) Plaintiff's last day of employment was September 18, 2015, and (3) she failed to commence this action until September 20, 2017. 29 U.S.C. §256; *LaFleur v. Dollar Tree Stores, Inc.*, 2012 U.S. Dist. LEXIS 143514, at *1 (E.D. Va. Oct. 2, 2012) (an action under the FLSA is considered "commenced" when the complaint is filed). Thus, the only pertinent workweek at issue in this case is Plaintiff's last week of employment.

A claim for overtime accrues when the employer allegedly fails to pay the alleged compensation to be due and owing to the employee. 29 C.F.R. §790.21(b). The cause of action of the employee for such compensation accrues on the regular payday on which the employee's paycheck for the workweek in question is normally issued. 29 C.F.R. § 790.21(b). Thus, a new and separate cause of action accrues on each payday. 29 C.F.R. § 790.21(b). Meaning, each workweek stands alone and is to be evaluated independently. Cases of alleged continuing violation will not permit an employee to recover otherwise time-barred claims based on allegations of continued unlawful practices of the employer, such as misclassification. *See Redman v. United States W. Bus. Res. Inc.,* 153 F.3d 691 (8th Cir. 1998).[15]

Based on the forgoing, Plaintiff has failed to set forth any evidence that suggests that she continued her employment with Loved Ones beyond September 18, 2015. She even conceded that she believed her last date of employment with Loved Ones to be September 18, 2015. Ex. A at p. 146 (Q. "So you think, then, September 18th they said, 'Okay. Goodbye'. A. Yes"). Accordingly, should the Court find that Plaintiff's claims survive Defendants' foregoing arguments and further finds that the two-year statute of limitations period applies, this Court should conclude that all workweeks prior to Plaintiff's last workweek with Loved Ones are barred under the two-year statute of limitations period.

---

[15]   The undisputed facts establish Plaintiff's last date of employment was, at the latest, September 18, 2015. This date was a Friday, which correlates with the last date of Loved Ones' week-to-week payroll cycle. It is undisputed Plaintiff remitted a written two-week notice on September 16, 2015. Ex. A at pp. 144-146; Ex. A at Depo. Ex. 12. Although Plaintiff remitted a two-week notice, Plaintiff recalls she only worked two days after remitting her notice. Ex. A at p. 146. As such, Plaintiff conceded her last date of employment was likely September 18, 2015. Ex. A at 144-46; see also Ex, B, Interrog. No. 14 ("I believe the last day I actually worked was September 16, 2015"). Documentation from Plaintiff's current employer supports the position that Plaintiff's last date of employment was on or about September 18, 2015. Ex. A at Depo. Ex. 13, at Bates Nos.1792-99 (showing date range of September 16, 2015 to September 20, 2015). Plaintiff conceded she remitted a job application to her current employer on or about September 16, 2015, around the same date that she gave Loved Ones her two week notice. Ex. A at p. 144. It is undisputed that Plaintiff's current employer retains records indicating that Plaintiff began working for it as early as September 20, 2015. Ex. A at Depo. Ex. 13.

18

### VI.     PLAINTIFF IS NOT ENTITLED TO LIQUIDATED DAMAGES.

An employer found in violation of the provisions of the FLSA may be liable to the employee for a sum equal to the amount of the unpaid overtime wages as liquidated damages. 29 U.S.C. § 216(b).  *However*, the court may decline to award liquidated damages "if the employer shows that the act or omission giving rise to such action was in good faith" and the employer "had reasonable grounds for believing that" its "act or omission was not a violation of the" FLSA. 29 U.S.C. § 260. *McFeeley v. Jackson Street Entertainment, LLC*, 825 F.3d 235, 245 (4th Cir. 2016); see also 29 U.S.C. § 260. "In the Fourth Circuit, establishing either good faith or reasonable grounds, measured objectively, is sufficient to avoid damages." *Acosta v. Del Sol P'ship 2*, 2018 U.S. Dist. LEXIS 24627, at *10-11 (E.D.N.C. Feb. 14, 2018) citing *Calderon v. GEICO Gen. Ins. Co*., 809 F.3d 111, 132 (4th Cir. 2015) (citing 29 C.F.R. § 790.22(c)). A lack of willfulness is evidence of good faith. *Acosta v. Del Sol P'ship 2*, 2018 U.S. Dist. LEXIS 24627, at *11 (E.D.N.C. Feb. 14, 2018) citing *Perez v. Mountaire Farms, Inc*., 650 F.3d 350, 376 (4th Cir. 2011).

Should this Court not agree with Defendants' preceding arguments, then, pursuant to 29 U.S.C. § 260, Defendants' assert that this court, in its discretion, should not award Plaintiff liquidated damages. See e.g. *Nelson v. Ala. Inst. for Deaf & Blind*, 896 F. Supp. 1108, 1114 (N.D. Ala. 1995)(noting "the standard for an employer's being entitled to the § 260 good faith defense [against liquidated damages] is less stringent than that for the § 259 good faith defense [reliance on any written administrative regulation, order, ruling, approval, or interpretation, of the agency of the United States], because if they were one and the same, § 259's complete shield from liability would render a § 260 defense unnecessary in every case.").[16]

---

[16] In determining whether or not to award liquidated damages, the District Court in *Rehberg v. Flowers Baking Co. of Jamestown, LLC*, 162 F. Supp. 3d 490, 515 (W.D.N.C. 2016) considered whether the

It is undisputed the DOL issued written findings that concluded Plaintiff was properly classified as an exempt employee and no changes needed to be made by Loved Ones regarding her classification as scheduling coordinator. Ex. A at Depo. Ex. 9. Given that DOL guidance, Defendants reasonably acted in good faith and they believed they were not in violation of the FLSA. Loved Ones consciously considered the law and Plaintiff's employment classification under the FLSA.  This Court should conclude as a matter of law that Defendants acted in good faith and conclude as a matter of law that Plaintiff is not entitled to liquidated damages.

## CONCLUSION

For the foregoing reasons, Defendants pray that this Court grant summary judgment pursuant to Rule 56(c) of the *Federal Rules of Civil Procedure* for the reasons set forth above, including a finding that Defendants' conduct was not willful, so the two-year statute of limitations applies, the classification of Plaintiff as exempt was done in in good faith and on reasonable grounds such that its classification of Plaintiff was not in violation of the FLSA and, therefore, liquidated damages should not be awarded to Plaintiff, and for such other relief this Court deems just and proper.

**LOVED ONES IN HOME CARE, LLC and**
**DONNA SKEEN,**
*By Counsel*

---

following conditions were established: (1) that the employer's act or failure to act was in good faith and (2) that the employer had reasonable grounds for believing that its act or omission did not violate the FLSA. *See* 29 U.S.C. § 260.

/s/Webster J. Arceneaux, III
Webster J. Arceneaux, III (WVSB No. 155)
Lori D. Counts-Smith (WVSB No. 11386)
LEWIS GLASSER PLLC
300 Summers Street, Suite 700
Post Office Box 1746
Charleston, West Virginia  25326
PHONE: (304) 345-2000
FAX:  (304) 343-7999
E-mail:  wjarceneaux@lewisglasser.com
          lcounts@lewisglasser.com

          *and*

/s/Andrew L. Ellis
Andrew L. Ellis (WVSB No. 10618)
WOOTON, DAVIS, HUSSELL & ELLIS, PLLC
P.O. Box 3971
Charleston, West Virginia  25339
PHONE: (304) 357-0709
FAX:  (304) 345-5607