IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

JULIA WILLIAMS,

      **Plaintiff,**

v.                                         **CIVIL ACTION NO. 2:17-cv-04162**

LOVED ONES IN HOME CARE, LLC,
and DONNA SKEEN,

      **Defendants.**

**DEFENDANTS' REPLY IN OPPOSITION OF PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**SUMMARY**

The facts set forth in detail by Defendants in their *Motion for Summary Judgment* and *Memorandum of Law in Support of Defendants' Motion for Summary Judgment* (collectively "Motion")(Docs. 38 and 39) overwhelmingly support this Court granting summary judgment to the Defendants as to Plaintiff's exempt status.  Additionally, the undisputed, material facts in this case support a finding that Defendants' conduct with regard to classifying Ms. Williams as exempt under the Fair Labor Standards Act, as amended, 29 U.S.C §§ 201 *et seq.* ("FLSA"), based on the job duties and tasks that she admits to have performed, was not willful, was reasonable and was done in good faith.  Lastly, even if Plaintiff is found to have a claim against Defendants, the undisputed facts establish that Plaintiff is unable to articulate her damages, if any, and so her claims fail as a matter of law.

It is evident by *Plaintiff's Memorandum of Law in Response to Defendants' Motion for Summary Judgment* ("Response")(Doc. 40) that she does not dispute the substantive facts set

forth in detail by Defendants in their Motion.  Rather, Plaintiff simply attempts to distract the Court by discussing immaterial and irrelevant disputed facts. The factual allegations set forth by Plaintiff in the Response have no bearing on the outcome of Defendants' Motion. Defendants' request for summary judgment can easily be decided on the material issues based on the undisputed facts laid out in their Motion.  On that basis, this Court should grant the Defendants' Motion and dismiss this case.

Plaintiff does not contest, among other things, the facts set forth by Defendants as related to the 2014-2015 U.S. Department of Labor's ("DOL") investigation of Loved Ones. Although Plaintiff asserts that perhaps the DOL should have performed the investigation in a different manner and/or come to a different conclusion at the end of its investigation, it is undisputed: (1) the DOL performed an investigation of Loved Ones; (2) Plaintiff was interviewed by an independent, third-party agent of the DOL as part of the investigation; and (3) the DOL, rightfully or wrongfully, issued a written finding that concluded Plaintiff's employment position was properly classified as exempt not subject to the FLSA. Further, the undisputed record in this case indicates that Plaintiff never made a complaint to the DOL about their finding that her employment classification was exempt nor did she advise the Defendants or the DOL prior to her deposition in this lawsuit that she allegedly lied during her DOL interview.  Thus, the record is devoid of any facts indicating Defendants had any knowledge, information or indication by the DOL, or any other party, that the DOL's written finding *might* be incorrect or should not be relied upon in relation to Plaintiff's employment.

Based on the material and undisputed facts surrounding the DOL investigation, Defendants are entitled to summary judgment as a matter of law on the issues presented as to

willfulness, the Portal-to-Portal Act's good faith defense, the two-year statute of limitations period and Plaintiff's claim for liquidated damages.

In her Response, Plaintiff attempts to assert that she was nothing more than a telephone operator and that the job duties and tasks she performed were similar in nature to that of operating a switch board. *See* Response at p. 15. Yet, in making such argument, Plaintiff ignores the undisputed evidence of record related to all of the other job duties and tasks that she performed.  The Plaintiff is asking this Court to ignore the evidence of record and only focus on the task of accepting and placing phone calls with regard to clients of Loved Ones and the scheduling of aides who provided services to those clients when the record reflects that she performed additional tasks that are sufficient to establish her position as exempt under the FLSA.

It is undisputed that Plaintiff performed several tasks to benefit the management operations of Loved Ones.  Plaintiff does not dispute she: (1) conferred with clients regarding care and the scheduling of care; (2) filled out various forms or other required paperwork; (3) controlled and maintained the schedule of certain aides for Loved Ones' clients; (4) maintained daily staffing reports; (5) played a role in the hiring of new aides; (6) had discretion to disregard or reject an application for employment based on certain terms or conditions; (7) would receive calls from scheduling coordinators in other offices seeking guidance and direction; (8) would notify the Registered Nurses as to pertinent information related to clients; (9) would assist with the billing of services; (10) would report improper actions of other employees, such as failure to follow policies or procedures, to upper management; and (11) would fill out termination reports and employee warning reports. *See* Motion at pp. 3-4 and Response at pp. 14-16.

Based on these material and undisputed facts, Defendants are entitled to summary judgment as a matter of law as to Plaintiff's classification as an exempt employee not subject to the FLSA.

With regard to damages, it is undisputed that, should the Court determine that the two-year statute of limitations period applies, Plaintiff is, at most, entitled to overtime wages for any hours worked beyond forty hours during her last week of employment with Loved Ones. Nevertheless, even if Plaintiff has a claim for overtime, she is unable to articulate an estimation of hours worked beyond forty hours. While Plaintiff need not specify the exact number of hours allegedly worked, she is required to offer *some* reliable evidence so that the Court can estimate hours worked. In an attempt to overcome summary judgment on this issue, Plaintiff blames Defendants for not retaining timesheets that Plaintiff maintained for at least a portion of the relevant time period at issue in this case. It is undisputed that Defendants no longer retain the timesheets created by Plaintiff during the course of her employment. The lack of records of an employer with regard to an employee it deems to be properly classified as exempt is not a new phenomenon. The Court has dealt with such issue by requiring the employee to not produce evidence of the exact hours worked, but rather at least sufficient evidence to show an approximate number of hours worked. *Anderson v. Mt. Clemens Pottery Co*., 328 U.S. 680, 686-87, 66 S. Ct. 1187, 92 L. Ed. 1515 (1946) (Superseded by passage of the Portal-to-Portal Act in 1947, on other grounds). The evidence presented by Plaintiff in this case is inadequate for her to meet her burden of proof. Plaintiff is unable to articulate to any reasonable degree of certainty an approximate number of hours worked each workweek. Mere blanket assertions are not sufficient. *Reynolds v. Wyndham Vacation Resorts*, 2016 U.S. Dist. LEXIS 10568, at *20 (D.S.C. Jan. 29, 2016)(internal citations omitted). In the Response, Plaintiff does not appear to

dispute that she is unable to articulate to a reasonable degree of certainty an approximate sum of hours worked beyond forty hours.

For these reasons, Defendants are entitled to summary judgment as a matter of law with regard to Plaintiff's inability to articulate her alleged unpaid wages for overtime.

In her Response, Plaintiff simply fails to set forth enough material issues of fact in order to overcome her burden to show that a genuine issue of material fact exists for the Court to rule in her favor.   "[T]he burden to show that a genuine dispute of material fact exists" rests on Plaintiff's shoulders. *Riggle v. Revolution Darts & Billiards-Centreville, LLC*, 2018 U.S. Dist. LEXIS 55065, at *3 (E.D. Va. Mar. 30, 2018)(internal citations omitted).  Plaintiff must do more than present differences of opinion or conflicting views of the parties.

> [A] party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences. Furthermore, a party cannot create a genuine issue of fact through mere assertions. Rather, to resist summary judgment, courts require that the opposing party adduce specific, nonspeculative evidence. . . .

*Chao v. Self Pride, Inc*., No. RDB 03-3409, 2005 U.S. Dist. LEXIS 11653, at *14-15 (D. Md. June 14, 2005) (internal citations omitted).  Judge Johnston in *Bailey v. Bradford*, 12 F. Supp. 3d 826, 834, (S.D. W.Va. 2014) relied upon *Midland Mortg. Corp. v. Wells Fargo Bank*, N.A., 926 F. Supp. 2d 780, 793 (D.S.C. 2013) *aff'd sub nom. Midland Mortg. Co. v. Wells Fargo Bank NA,* 13-1370, 545 Fed. Appx. 194, 2013 U.S. App. LEXIS 22104 (4th Cir. Oct. 30, 2013) for the proposition that where a party presents information "mostly through the statements set forth in its brief, without supporting evidence, . . . such statements are generally not enough to survive summary judgment" and, further, that that statements made by legal counsel are not evidence.

Here, counsel for the Plaintiff offers many conclusory statements in the Response that are not supported by the evidence in the record.  This Court should examine the undisputed facts in

the record, as set forth in detail in Defendants' Motion, and this Court should grant summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure for the reasons set forth herein and in detail in the Motion.

## ARGUMENT

**I.   PLAINTIFF HAS FAILED TO CREATE A GENUINE DISPUTE OF MATERIAL FACT TO OVERCOME SUMMARY JUDGMENT ON THE ISSUE OF WILFULLNESS, THE PORTAL-TO-PORTAL ACT'S GOOD FAITH DEFENSE, THE TWO-YEAR STATUTE OF LIMITATIONS PERIOD, AND THE ISSUE OF LIQUIDATED DAMAGES.**

Plaintiff alleges Defendants willfully violated the FLSA, as such, she seeks to apply a three-year statute of limitations period and, further, is demanding liquidated damages. *See* Complaint (Doc 1 at Ex. A).   As set forth in detail in Defendants' Motion, for purposes of moving for summary judgment, Defendants state and rely upon the testimony of, and information provided by, Plaintiff in this case in order to support a finding in their favor.

Plaintiff bears the burden of proving a willful violation and summary judgment is appropriate when that burden is not met. *Calderon v. GEICO Gen. Ins. Co*., 809 F.3d 111, 132 (4th Cir. 2015) (citations omitted). Failure to do so limits Plaintiff to a two-year statute of limitations period. *Desmond*, 630 F.3d at 358; see also *McLaughlin* 486 U.S. at 135, 108 S. Ct. at 1682 (1988); and *De Luna Guerrero v. North Carolina Grower's Ass'n*, 370 F. Supp. 2d 386, 388 (E.D. N.C. 2005).  Under *McLaughlin*, a violation is willful only if the plaintiff can establish the employer either knew or showed reckless disregard for whether its conduct was prohibited. *McLaughlin,* 486 U.S. at 133.  Plaintiff has failed to meet this burden of proof.

In her deposition, Plaintiff offered no testimony that Defendants had actual knowledge that they were or may have been in violation of the FLSA.   Further, Plaintiff offered no testimony to assert that Defendants showed reckless disregard for the law.   Rather, Plaintiff's

own testimony supports a finding in favor of Defendants. Motion at pp. 8-9.  In her Response, at

pages 12-13, the Plaintiff's counsel states:

> Defendants' Motion and supporting memorandum wrongly
> assume the only evidence of Defendants' willfulness or bad faith
> in violating the FLSA must be by Plaintiff's direct testimony.
> This position causes Defendants to ignore the many disputed facts
> that objectively point to elements of bad faith or, at the very least,
> less-than-good-faith, that are fatal to their claims for summary
> judgment on those FLSA issues implicating a good faith or non-
> willful standard. Defendants' claims to no genuine issue of
> material fact simply and flatly fail with respect to Section I of
> their Memo of Law (any FLSA violation was not "willful");
> Section II (DOL's improperly influenced investigation provides a
> good faith defense); Section V (Defendants are entitled to a two-
> year non-willful statute of limitations, thereby limiting Plaintiff's
> recovery to, at most, one week of wages), and; Section VI
> (contending good faith insulates Defendants against any claim for
> liquidated damages).

Defendants agree that Plaintiff may show willfulness through evidence other than her

own testimony.  But to defeat the Defendants' arguments, she has to point to some evidence in

the record that she is relying upon in order to support her claim for willfulness.  What is

conspicuously absent from the foregoing paragraph is its failure to cite to any evidence in the

record.  It states that such evidence exists, but it fails to cite to any evidence whatsoever and this

is the only paragraph in the Response that addresses the Defendants' argument on willful

violations.  The Plaintiff has been afforded the opportunity to remit to Defendants and this Court

any and all documentation that indicates or even implies that Defendants may have willfully

violated the FLSA.  In response to requests for documentation Plaintiff did not turn over one

piece of paper to support her assertion regarding willfulness.[1]  Additionally, it is undisputed that

---

[1] *See* Motion, Ex. D, at Request for Production No. 17; *see* also Motion, Ex. B at Request for Production
No. 13 (No responsive documents that support the assertion that Defendants knowingly and deliberately
failed or refused to pay Plaintiff in accordance with the FLSA).

the DOL concluded, rightfully or wrongfully, that Plaintiff was properly classified as an exempt employee at the conclusion of the DOL investigation.

The Plaintiff has failed to cite to this Court a scintilla of evidence supporting her claim for a willful violation.   For these reasons, Plaintiff's claim that the three-year statute of limitations period applies in this case for a willful violation of the FLSA should be rejected as a matter of law.

Plaintiff's claims are also barred by the good faith defense set forth under the 1947 Portal-to-Portal Act.  Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, provides:

> [n]o employer shall be subject to any liability or punishment for or on account of the failure of the employer to pay… overtime compensation under the Fair Labor Standards Act … if he pleads and proves that the act or omission complained of was in good faith in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation, of [the Administrator of the Wage & Hour Division].

Put simply, the Portal-to-Portal Act provides a complete defense to a claim for overtime under the FLSA. 29 U.S.C. § 259; *Schneider v. City of Springfield*, 102 F. Supp. 2d 827, 832 (S.D. Ohio 1999) (once an employer establishes the defense, it has "absolute immunity from paying unpaid overtime compensation, liquidated damages, court costs, or attorney's fees for FLSA violations.").

In her Response, at pages 9-10, the Plaintiff responds to the good faith argument as follows:

> Compelling elements of evidence produced during discovery, however, demonstrate conflicts in the neutrality and credibility of the DOL investigation implicated by Defendants' participation. There is ample evidence to suggest Defendants intimidated Plaintiff and other employees into not providing truthful information to DOL; there is also evidence to suggest Defendants themselves knowingly and deliberately provided to the DOL a job

8

description for Plaintiff they knew overstates the true, exempt duties of the position. Defendants' claims for summary judgment piggy-backed on a DOL-inspired finding of good faith and proper classification must fail for the genuine issues of material fact suggesting improper and consequential manipulation by Defendant of the DOL investigative process.

Plaintiff readily admits in her deposition she supplied the DOL with inaccurate information about the nature of her job duties and working conditions during the course of the 2015 investigation; she did so for fear that providing accurate information would result in the loss of her job. [Williams Tr., pages 165-70]. There is an inherently intimidating, "Big Brother" atmosphere boasted by this employer with video and now audio-capture capacity "all over the building" housing the headquarters where Plaintiff worked and where she was interviewed by the DOL. Exhibit E [Transcript of Deposition of Donna Skeen, Volume II, May 7, 2018, pages 74-75] (hereafter cited, "[Skeen Tr., Vol. II, pages XX]"). Just prior to Plaintiff's DOL interview, she says she witnessed Defendants' Director of Human Resources watching another employee's DOL interview on a television monitor in his office. [Williams Tr., page 166]. At the time she gave her DOL interview, Plaintiff believed that interview was being viewed and recorded by company managers. [Williams Tr., pages 123-28]. The DOL investigator never advised Plaintiff that her job was protected for providing complete and accurate information to the investigation. [Williams Tr., page 169]. This inherently intimidating atmosphere surrounding the DOL interviews creates a genuine issue about the credibility and legitimacy of DOL's findings upon which Defendants rely for much of their good faith arguments.

In essence, Plaintiff argues that she felt coerced to lie during the DOL investigation and, therefore, the DOL reached an improper conclusion on her exempt classification. There are several problems with Plaintiff's argument in this regard. First and foremost, it should be recognized that when she was first asked about her DOL statement, Plaintiff stated it was "accurate." Motion, Ex A. at pp. 118; 121-122. Plaintiff only changed her testimony when questioned by her legal counsel, opining that the statement was only partially accurate. Motion,

Ex. A. at p. 168-169.[2]  Further, it is significant to note that counsel for Plaintiff fails to cite to any case law under the FLSA that suggests a Plaintiff can negate a good faith defense based upon a DOL ruling by attempting to collaterally attack that DOL ruling.  In fact, the case law does not support the Plaintiff's argument, as the Courts have uniformly recognized that an employer under the FLSA can rely upon a DOL ruling, even if it is later found to be erroneous.

The Court of Appeals in *Marshall v. Baptist Hospital, Inc.,* 668 F.2d 234 (6th Cir. 1981) recognized at footnote two:

> An employer who acts in reliance on an administrative ruling will have acted "in good faith so long as the ruling remained unrevoked and the employer had no notice of any facts or circumstances which would lead a reasonably prudent man to make further inquiry as to whether the employees came within the act's provisions." 29 C.F.R. § 790.15 (1980), Defense of Good Faith Reliance on Administrative Regulations, etc., 29 C.F.R. §§ 790.13 et seq. (1980), explicating sections 9 and 10 of the Portal to Portal Act. *See Hodgson v. Square D Company*, 459 F.2d 805 (6th Cir. 1972) (apply C.F.R. interpretations to estoppel defense).

The preservation of the good faith defense is reiterated in applicable Portal-to-Portal Act regulations, 29 C.F.R. § 790.17(h), which recognize that:

> the last sentence in section 9 and in section 10 expressly provides that where the employer's good faith reliance on a regulation, order, ruling, approval or interpretation occurs before it is rescinded, modified, or determined by judicial authority to be invalid, his claim of a "good faith" defense for such earlier period

---

[2]   Even if Plaintiff's assertions that she lied to the DOL are taken as true, such evidence does not create a genuine issue of material fact that would cause the Court the inability to rule on the material issues of law presented by Defendants in their Motion. Such assertions are nothing more than exaggerated statements in response to questions by her counsel. Plaintiff's Response in this regard is nothing more than a compilation of speculation, inferences, and mere assertions of opinion. Plaintiff's failure to set forth specific, relevant, nonspeculative evidence means that she cannot overcome summary judgment. *Chao v. Self Pride, Inc.,* 2005 U.S. Dist. LEXIS 11653, at *14-15 (D. Md. June 14, 2005) (internal citations omitted).

> is not defeated by the subsequent rescission or modification or by
> the subsequent determination of invalidity.

Courts have followed such plain statutory and regulatory language uniformly, holding good faith

defenses survive even where the subject guidance is subsequently invalidated. *See, e.g., Palardy

v. Horner*, 711 F. Supp. 667 (D. Mass. 1989).

Defendants' reliance on the DOL's finding was proper in accordance with the law. 29

U.S.C. § 259; *see also* 29 C.F.R. § 790.13.  The law does not require that the employee agree

with a DOL finding for it to be relied upon or applied by an employer.  The law only requires

that (1) a written regulation, order, ruling or similar interpretation be issued by the DOL (or

similar agency) and (2) that the employer, in good faith, relied upon and is in conformity with

said writing. 29 U.S.C. § 259.   If these two prongs can be established, then the law mandates the

action or pending litigation be barred. *Id.*

In her Response, Plaintiff fails to meet her burden of creating a genuine issue of material

fact as to the good faith defense.[3]  Plaintiff concedes a written ruling from the DOL was issued

---

[3] This court should not consider Plaintiff's mere proclamations surrounding the DOL investigation as an attempt to disqualify the written findings and conclusions of a neutral, third-party agent of the United States government lightly. Plaintiff is attempting to make a mockery of the DOL. In essence, Plaintiff is asserting that the DOL: (1) is inexperienced, (2) lacks the ability to properly perform a neutral investigation, (3) lacks the ability to perform its main function of evaluating and applying federal law, (4) can easily be taken advantage of and that it was taken advantage of by Defendants, (5) can easily be persuaded to change the outcome of issued, federal findings of law and that it was persuaded by Defendants to alter the outcome of the investigation with regard to findings related to Plaintiff, and (6) conspired with the Defendants in order to issue an "untruthful" finding of law.  To the contrary, the record reflects that Plaintiff was selected to be interviewed by the DOL agent.  It is undisputed that Plaintiff was interviewed in private at Defendants' facilities. It is undisputed that no other persons were present during the interview. Motion, Ex. A at p. 118.  Thus, taking a step from Plaintiff, Defendants assert that it is apparent the DOL agent believed Plaintiff was in a "safe space" and that she could talk candidly. Otherwise, the DOL would have held the investigation at another location or by telephone.  It is also apparent that the DOL had no reason to believe that the information it obtained from Plaintiff was not true and accurate as the DOL, relying on such information, issued a written ruling in favor of the employer with regard to Plaintiff's employment positon.

Additionally, in a weak attempt to assert bad faith, Plaintiff inappropriately references another matter that is pending before this Court, *Mayhew v. Loved Ones in Home Care, LLC*, Civil Action No. 2:17-cv-3844. Such reference and assertions made by Plaintiff with regard to this case are improper for

11

that found her employment with Loved Ones was properly classified as exempt. Further, she fails to cite to any evidence in the record that Loved Ones did not rely upon or act in conformity with the DOL's ruling. Moreover, it is undisputed that she has never complained about the DOL's ruling nor has it been overturned. The DOL ruling remains in full force and effect and, on this basis, Plaintiff's claims against Defendants are barred as a matter of law pursuant to the Portal-to-Portal Act.

In addition, or in the alternative, Plaintiff is not entitled to liquidated damages because Defendants have established, through the undisputed facts, that any act or omission was done because they "had reasonable grounds for believing that" their "act or omission was not a violation of the" FLSA. 29 U.S.C. § 260. *McFeeley v. Jackson Street Entertainment, LLC*, 825 F.3d 235, 245 (4th Cir. 2016); see also 29 U.S.C. § 260.

In addition, or in the alternative, applying the two-year statute of limitations period, this Court should find that Plaintiff's claims, if any, are limited to her last week of employment. It is undisputed that Plaintiff's last week of employment was on or about September 18, 2015. Motion at pp.17-18. It is also undisputed that Plaintiff failed to commence this lawsuit until September 20, 2017. *Id*. Applying the law to these facts, all workweeks prior to Plaintiff's last week of employment are barred under the two-year statute of limitations period. 29 C.F.R. § 790.21(b).

Based on the material, undisputed facts in this case, Defendants are entitled to summary judgment as a matter of law for reason that Plaintiff's claims are barred by the Portal-to-Portal Act, are barred due to Plaintiff's proper classification as an exempt employee or, additionally or

---

several reasons. Among other things, the matters are unrelated with regard to the job position held by Plaintiff and contain contrasting facts. Defendants will address the issues surrounding this case when appropriate and in accordance with the scheduling order in the *Mayhew* litigation.

in the alternative, are limited to a two-year period as Plaintiff is unable to prove willful or bad faith actions of Defendants as a matter of law and, as such, is only entitled to, as most, overtime wages due and owing, if any, during her last week of employment and no liquidated damages.

## II.   PLAINTIFF FAILS TO OVERCOME DEFENANTS' CLAIMS THAT SHE WAS PROPERLY CLASSIFIED AS AN EXEMPT EMPLOYEE NOT SUBJECT TO THE FLSA.

Defendants also argue in their Motion that this Court should grant summary judgment because Plaintiff was employed at all relevant times in a position exempt from the provisions of the FLSA.  Given the disputes of fact among the parties, Defendants only asserted that Plaintiff was exempt under the administrative employee exemption.  However, upon information and belief, Plaintiff may also be found exempt under the executive exemption.

Plaintiff's Response at pages 13-14 asserts that Defendants must "swing for the fences" in order to argue that Plaintiff was properly classified as exempt and that Defendants "baldly" claimed "objective characteristics" without regard to those duties Plaintiff "*actually performed*." (emphasis in original). In making such assertion, Plaintiff ignores the numerous job duties and tasks set forth by Defendants in their Motion to which Plaintiff testified or asserted in this case to *actually performing* during her employment as scheduling coordinator. Motion at pp. 3-4.

The administrative exemption under 29 C.F.R. § 541.200(a) applies to any employee:

> (1) Compensated on a salary or fee basis at a rate of not less than $455 per week . . . ;
> (2) Whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and
> (3) Whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

As the Supreme Court recently recognized in *Encino Motorcars, LLC v. Navarro*, __U.S.__, __, 138 S. Ct. 1134, 1142 (2018), "the FLSA gives no 'textual indication' that its

13

exemptions should be construed narrowly[.]" Thus, a "fair" reading of the law is to be given.[4] The underlying facts in this case show that Plaintiff was employed in an administrative capacity based on the three-pronged test set forth above.  This Court has discretion as a matter of law to determine that Plaintiff is exempt under the FLSA.   While the duties and tasks *actually* performed by the employee is a question of fact, the determination of whether or not such activities exclude the employee from application of the FLSA is a question of law. *Icicle Seafoods, Inc. v. Worthington*, 475 U.S. 709, 714, 106 S. Ct. 1527, 1530 (1986) (emphasis added).

With regard to the first prong of the test, there is no dispute that Plaintiff received a salary of more than $455 for each workweek potentially at issue in this case.  As such, the first prong of each test is clearly met in this case.  As to the second and third prongs of the test, a review of the undisputed facts in this case should lead the Court to conclude that Plaintiff's primary duty was to service clients and perform office work directly related to the management and general business operations of Loved Ones.  An employee need not spend all of her time performing such tasks. Rather, the regulations provide guidance that primary duty only means the major part, or roughly 50 percent, of the employee's time. 29 C.F.R. § 541.700; see also U.S. Dept. of Labor Opt. Letter, FLSA2017-12 (Dec. 18, 2017); U.S. Dept. of Labor Opt. Letter, FLSA2018-8 (Jan. 6, 2018); and U.S. Dept. of Labor Opt. Letter, FLSA2018-15 (Jan. 5, 2018).

It is undisputed that Plaintiff, among other things, conferred with clients regarding care and the scheduling of care; controlled and maintained the schedule of certain aides, maintained daily staffing reports; had discretion to disregard or reject an application for employment based

---

[4] Plaintiff cites to several cases and incorrectly states at footnote 6 of her Response that the FLSA is to be narrowly construed against the employer and that the exemptions are to be strictly construed. The United States Supreme Court squarely dismissed these assertions in *Encino Motorcars, LLC v. Navarro, supra*, when it held that the FLSA is to be given a fair reading.

on certain terms or conditions, would notify the Registered Nurses as to pertinent information related to clients, would assist with the billing of services, and would fill out termination reports and employee warning reports. Motion at pp. 3-4.

For reason that Plaintiff meets all three prongs of the test set forth under the FLSA regulations for the administrative employee exemption, summary judgment is appropriate in favor of Defendants.

### III.   PLAINTIFF FAILS TO OVERCOME HER BURDEN OF ARTICULATING WAGES DUE, IF ANY.

In addition or in the alternative, assuming *arguendo* that Defendants may be in violation of the FLSA, the undisputed facts establish Plaintiff has failed to specifically articulate her unpaid overtime wages that she alleges are due and owing. Plaintiff fails to meet her burden of proof to show that she performed work for which she was not properly compensated. *Anderson v. Mt. Clemens Pottery Co*., 328 U.S. 680, 686-87, 66 S. Ct. 1187, 92 L. Ed. 1515 (1946) (Superseded by passage of the Portal-to-Portal Act in 1947, on other grounds).

It is undisputed that timesheets were records not retained. As such, Plaintiff must prove that she has in fact performed work for which she was not compensated and must also produces "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Id.* and *Lee v. Vance Exec. Prot. Inc.,* 7 F. App'x 160 (4th Cir. 2001)(unpublished opinion).

Rather than attempt to overcome her burden of proof, in her Response Plaintiff simply points her finger at Defendants for not retaining timesheets or other documentation related to hours allegedly worked by Plaintiff. She has done nothing more than turn over her phone records that she admittedly has not reviewed or analyzed. Rather that attempt to articulate her damages, if any, through use of the phone records, she has asserted that it was on Defendants' shoulders to

15

determine how the phone records satisfy her burden of proof.  Response at pp. 17-21 and *see also* Motion at pp.14-17.

In essence, Plaintiff has failed to set forth any evidence other than "blanket assertions" as to the hours she allegedly worked. Such broad statements do not meet Plaintiff's burden of proof. *See Reynolds v. Wyndham Vacation Resorts*, 2016 U.S. Dist. LEXIS 10568, at *19-20 (D.S.C. Jan. 29, 2016); and *Lee,* 7 F. App'x at 166 (4th Cir. 2001).  For reason that Plaintiff has not carried her burden of proof with regard to purporting an estimation of the alleged overtime wages due and owing this Court must grant summary judgment in favor of Defendants.

## CONCLUSION

Based on the foregoing, it is clear that Plaintiff fails to overcome her burden of creating a genuine dispute of material fact in order to overcome all of Defendants' arguments in support of summary judgment.  As such, Defendants pray that this Court grant summary judgment pursuant to Rule 56(c) of the *Federal Rules of Civil Procedure* for the reasons set forth above and set forth in their Motion, including a finding that Plaintiff's claims are barred by the Portal-to-Portal Act and also barred under the administrative exemption of the FLSA, and, further, Defendants' conduct was not willful, the classification of Plaintiff as exempt was done in good faith and on reasonable grounds such that its classification of Plaintiff was not in violation of the FLSA and, therefore, liquidated damages should not be awarded to Plaintiff, and for such other relief this Court deems just and proper.

**LOVED ONES IN HOME CARE, LLC and DONNA SKEEN,**
*By Counsel*

16

/s/Webster J. Arceneaux, III
Webster J. Arceneaux, III (WVSB No. 155)
Lori D. Counts-Smith (WVSB No. 11386)
LEWIS GLASSER PLLC
300 Summers Street, Suite 700
Post Office Box 1746
Charleston, West Virginia  25326
PHONE: (304) 345-2000
FAX:  (304) 343-7999
E-mail:  wjarceneaux@lewisglasser.com
          lcounts@lewisglasser.com

          *and*

/s/Andrew L. Ellis
Andrew L. Ellis (WVSB No. 10618)
WOOTON, DAVIS, HUSSELL & ELLIS, PLLC
P.O. Box 3971
Charleston, West Virginia  25339
PHONE: (304) 357-0709
FAX:  (304) 345-5607

17

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON**

**JULIA WILLIAMS,**

      **Plaintiff,**

**v.**                                             **CIVIL ACTION NO. 2:17-cv-04162**

**LOVED ONES IN HOME CARE, LLC,
and DONNA SKEEN,**

      **Defendants.**

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on the 26th day of July, 2018, he filed with the

Clerk of Court **DEFENDANTS' REPLY IN OPPOSITION OF PLAINTIFF'S RESPONSE**

**TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** using the CM/ECF system,

which will send notification upon the following:

Mark A. Toor, Esq.
Attorney at Law
10 Hale Street, 2nd Floor
Charleston, WV 25301
***Counsel for Plaintiffs***

<u>/s/Webster J. Arceneaux, III</u>
Webster J. Arceneaux, III (WVSB No. 155)
Lori D. Counts-Smith (WVSB No. 11386)
Andrew L. Ellis (WVSB No. 10618)
*Counsel for Loved Ones In Home Care, LLC
and Donna Skeen*
