```
         UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF WEST VIRGINIA
                 AT CHARLESTON
```

JULIA WILLIAMS,

    Plaintiff,

v.                                        Civil Action no. 2:17-CV-04162

LOVED ONES IN HOME CARE, LLC, and
DONNA SKEEN,

    Defendants.


## MEMORANDUM OPINION AND ORDER

Pending is the defendants' motion for summary judgment, filed on July 3, 2018.

    I.    Facts

This suit, which was brought on September 20, 2017, alleges misclassification of the plaintiff as exempt for the purposes of the Fair Labor Standards Act ("FLSA") and seeks to recover back overtime pay that she is allegedly due, as well as statutory liquidated damages.

Plaintiff was employed as a scheduling coordinator for Loved Ones, a West Virginia home care agency owned and controlled by Donna Skeen.  Plaintiff had worked in various

positions at Loved Ones for over eleven years, becoming a salaried office manager and scheduling coordinator in 2005 and starting her last corporate position in the South Charleston office in 2011, before she left the company in September 2015. Deposition of Julia Williams ("Williams Dep.") at 11, 34, 37. She had given on September 16, 2018 two weeks' notice that she was leaving to accept another job, but Loved Ones ended her employment on Friday, September 18, 2018, before her two weeks' notice period expired. Id. at 34, 146. Her regular pay day for the week ending September 18, 2018 is not stated although defendants concede that it may fall within the two-year period preceding the filing of this lawsuit, in which case recovery for an FLSA violation in the last week of her employment at Loved Ones would not be barred by a two-year statute of limitations. Defs. Br. at 17-18. The cause of action accrues on the payday on which the employee's paycheck for the workweek in question is normally issued. 29 C.F.R. § 790.21(b).

Williams now says that at least on some weeks, she worked more than her regular forty-hour week without receiving extra pay, although in the absence of time sheet records, it is difficult to ascertain how many hours of overtime she worked in any given week. Id. at 132.

In 2014-15, the United States Department of Labor ("DOL") carried out an investigation of FLSA compliance by Loved Ones. As part of that investigation, Williams was interviewed

in private in a conference room in the South Charleston office by a DOL agent who took notes during the interview. The agent also asked plaintiff to sign a written statement, which Williams read and considered "accurate." Williams Dep. at 118.

Plaintiff's signed statement, given on October 1, 2014, states, inter alia, that she worked according to a regular schedule and stayed in the office thirty minutes late, once per month when Loved Ones did its billing, and that she kept accurate records of her time. DOL Statement, Bates 1857, Ex. 9 to Defs. Ex. A. It also states that Williams was responsible for scheduling, was involved in the "disciplinary aspect," and implemented policies regarding attendance. DOL Statement. Before the acknowledgement and signature block, the statement concludes with this representation, "I do not exceed 40 hours per week." Id. at Bates 1858.

On examination by her attorney, Williams distanced herself somewhat from her statement to the DOL agent. She said that she had felt she would face retaliation from her employer if she had been completely truthful in the DOL interview, and she believed that the interview was being recorded. Williams Dep. at 167. She saw a red light on the camera in the conference room, indicating to her that the camera was in the recording mode. Id. at 166. Williams believed that the camera came equipped with audio because she had been told by management that employees were subject to video and audio recording. Id.

at 124. On another occasion during that time, Williams observed Loved Ones' human resources manager, Ronald Lock, watch a recording of a fellow employee's DOL interview in his office, as she was walking past. Id. Williams said that she was "videoed and recorded every day that I worked in the South Charleston office." Id. at 125. Although she never saw any recordings of herself, she saw some recordings of other employees. Id. For her part, Skeen denied that the DOL interviews were recorded although she acknowledged that there are closed-circuit cameras in the South Charleston office. Deposition of Donna Skeen at 102, 104.

In this action, Williams said that it was not entirely true that she only stayed late once a month and that she only stayed 30 minutes late. Williams Dep. at 167. Moreover, she said she did not recall discussing with the DOL agent her recording of her work time on a timesheet, any involvement with the "disciplinary aspect" or implementing attendance policies. Id. at 167-68. She also stated that both before and after regular working hours, she would sometimes speak on the phone with Skeen or Heather Smith, another employee at the office. Id. at 90, 170. At one point in her deposition, she estimated five to six hours a week of work in addition to her regular forty-hour schedule. Id. at 170-71. At another point, in response to a defense counsel's question, she denied claiming that she on average worked 1-2 hours of extra time beyond an

4

eight-hour workday and noted that she could not estimate her overtime.  Id. at 132.  In addition, she said that she had worked some hours on weekends when she was on call.  Id.

On February 20, 2015, DOL issued a finding that the executive employee exemption under the FLSA applied to Williams's position, rendering her job exempt.  Ex. 9 to Defs. Ex. A at Bates 1831.

## II. Summary Judgment Request

While defendants have moved for summary judgment on several grounds, the court considers only one of them at this juncture, namely, the request for a finding that any possible FLSA violations were not willful, so that a two-year, rather than a three-year, statute of limitations would apply in this case.  In light of the distinctive posture of the case, with plaintiff having terminated her employment with Loved Ones almost two years before filing this suit, and to facilitate the prospect of expeditious resolution, the court considers this one issue without addressing any matters that pertain to the remaining grounds asserted in the defendants' motion.

## III. Legal Standard

A party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any

material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those necessary to establish the elements of a party's cause of action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment is inappropriate if the evidence is sufficient for a reasonable fact-finder to return a verdict in favor of the non-moving party. Anderson, 477 U.S. at 248. Even if there is no dispute as to the evidentiary facts, summary judgment is also not appropriate where the ultimate factual conclusions to be drawn are in dispute. Overstreet v. Ky. Cent. Life Ins. Co., 950 F.2d 931, 937 (4th Cir. 1991).

IV. Discussion

Plaintiff in this action asserts that defendants violated the FLSA by erroneously classifying the salaried plaintiff as exempt and not offering her overtime pay. A two-year statute of limitations applies to ordinary violations of the FLSA, but a three-year statute of limitations applies to willful violations. See 29 U.S.C. § 255(a).

A violation of the FLSA is willful if the employer either knew, or showed reckless disregard for whether, its conduct was prohibited. McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988). The employee bears the burden of proof on willfulness. See Desmond v. PNGI Charles Town Gaming, L.L.C.,

6

630 F.3d 351, 358 (4th Cir. 2011) (citing Richland Shoe, 486 U.S. at 135). Although it is a question of fact, a plaintiff must present sufficient evidence of willfulness to survive summary judgment on the statute of limitations issue. See Pignataro v. Port Authority of N.Y. and N.J., 593 F.3d 265, 273 (3d Cir. 2010).

In this case, defendants contend that evidence to support a determination of willfulness is lacking. Pertinently, they quote from Williams's own testimony where she admits having no evidence of such willfulness or of any efforts at obstructing DOL investigations, or of Loved Ones falsifying or destroying any records. Williams Dep. at 154-55 quoted in Defs. Br. at 8-9. Moreover, defendants point to the DOL determination that plaintiff was properly classified as exempt. Id. at 9.

Plaintiff does not counter with specific evidence of willfulness but instead makes more general arguments, suggesting that Williams was intimidated in the course of the DOL investigation because she believed that her DOL interview was being recorded by camera. Plaintiff also draws attention to the discrepancies between the parties' views of Williams's job responsibilities, with Williams insisting that they were more clerical in nature and defendants emphasizing managerial and discretionary aspects (which would be apt to bring the position within the executive or administrative FLSA exemption).

7

Reviewing precedents on the willfulness issue is helpful in guiding the court in this instance. It is settled law that negligence is insufficient to show willfulness. See Calderon v. GEICO Gen. Ins. Co., 809 F.3d 111, 130-31 (4th Cir. 2015) (citing Desmond, 630 F.3d at 358) (where the Fourth Circuit found that GEICO's decision to classify its investigators as exempt was not knowingly incorrect or reckless).

District court decisions have elaborated on the circumstances under which a finding of willfulness is warranted. "Courts have found employers willfully violated FLSA where they ignored specific warnings that they were out of compliance, destroyed or withheld records to block investigations into their employment practices, or split employees' hours between two companies' books to conceal their overtime work." Hantz v. Prospect Mortg., LLC, 11 F. Supp. 3d 612, 617 (E.D. Va. 2014). See also Regan v. City of Charleston, 142 F. Supp.3d 442, 463 (D.S.C. 2015) (granting summary judgment to the defendant city on this same statute of limitations issue as to willfulness when the city consistently attempted to comply with the FLSA, consulted an employment lawyer, voluntarily reported an error to DOL, and when there was no evidence that the city's failure to pay a plaintiff for a day of training was more than "an isolated episode of inadvertence or miscalculation").

8

Plaintiff in this case has presented no evidence of the sort of conduct discussed in <u>Hantz</u>, and, on the contrary, Williams explicitly said she had "no evidence" that Loved Ones knew that she should be classified as nonexempt, Williams Dep. at 154. Accordingly, a two-year statute of limitations for ordinary FLSA violations applies here. Thus, in this case which was filed on September 20, 2017, any back wages Williams may be owed are limited to her last week of employment in September 2015 (and there may be an issue of fact as to the exact chronological parameters of that period as well as any overtime worked during that week).

For the foregoing reasons, it is ordered that the defendants' motion be granted to the extent that summary judgment is awarded to the defendants on the statute of limitations issue relating to willfulness. Otherwise, the defendants' motion remains pending.

The Clerk is directed to transmit copies of this written opinion and order to all counsel of record.

ENTER: August 2, 2018

John T. Copenhaver, Jr.
United States District Judge

9