IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**JULIA WILLIAMS,**
    **Plaintiff,**

v.                                                                          **CIVIL ACTION NO. 2:17-cv-04162**

**LOVED ONES IN HOME CARE, LLC,**
**and DONNA SKEEN,**
    **Defendants.**

## AGREED JUDGMENT ORDER

On this day, the parties appeared by counsel and informed the Court that the Plaintiff, Julia Williams ("Plaintiff"), and the Defendants, Loved Ones In Home Care, LLC and Donna Skeen ("Defendants"), have resolved all issues between them in this civil action. The parties informed the Court that a compromise between Plaintiff and the Defendants has been reached under which the Defendants will agree to entry of judgment in the amount of ONE THOUSAND THREE HUNDRED SIX DOLLARS AND FIFTY CENTS ($1,306.50) with no admission of guilt or liability by Defendants. The parties have further reached a written Settlement Agreement that sets forth that the Defendants will allocate the payment of the settlement as follows: EIGHT HUNDRED SEVENTEEN DOLLARS AND THIRTY-ONE CENTS ($817.31) as wages, less withholdings, to Plaintiff and the remaining FOUR HUNDRED EIGHTY-NINE DOLLARS AND NINETEEN CENTS ($489.19) to Plaintiff's counsel, Mr. Mark Toor, Esq., as attorney fees and costs.

The parties request that this Court approve the terms of the Settlement Agreement. Claims for unpaid wages arising under the Fair Labor Standards Act ("FLSA") may be settled or compromised only with the approval of the District Court or the Secretary of Labor. *Taylor v. Progress Energy, Inc.*, 493 F. 3d 454, 460 (4th Cir. 2007). The factors that courts typically consider in determining whether a proposed settlement of FLSA claims is fair and reasonable include: (i) the extent of discovery that has taken place; (ii) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (iii) the absence of fraud or collusion in the settlement; (iv) the experience of counsel that have represented the plaintiff; and (v) the probability of plaintiff's success on the merits and the amount of settlement in relation to potential recovery. *Bosley v. Dolgencorp, Inc.*, 2:09-CV-43, 2011 WL 124501 (N.D. W.Va. Jan 13, 2011).

The Court finds that discovery has been completed and that there is no fraud or collusion. The Court further finds that the settlement at the designated amount is fair and reasonable and in all parties' best interests fiscally, based on the Court's holdings in its Order of August 2, 2018 (Doc. 43), and, further, based on the nature of litigation and the uncertainty of trying a case before a jury.

Based upon the foregoing stipulations and agreement of the parties and this Court's conclusion that the settlement of all FLSA claims is fair and reasonable based upon the promulgated factors, the Court hereby approves the parties' agreement and it is, accordingly, ORDERED that Plaintiff is granted judgment against the Defendants, jointly and severally, in the amount of $1,306.50. And it is further ORDERED that the Complaint is dismissed with prejudice.

ENTERED: October 3, 2018

*signature*
The Honorable John T. Copenhaver, Jr.

Prepared By:

/s/Webster J. Arceneaux, III
Webster J. Arceneaux, III (WVSB No. 155)
Lori D. Counts-Smith (WVSB No. 11386)
LEWIS GLASSER PLLC
300 Summers Street, Suite 700
Post Office Box 1746
Charleston, West Virginia 25326
PHONE: (304) 345-2000
FAX: (304) 343-7999
*Counsel for Defendants*

and

/s/Andrew L. Ellis
Andrew L. Ellis (WVSB No. 10618)
WOOTON, DAVIS, HUSSELL & ELLIS, PLLC
P.O. Box 3971
Charleston, West Virginia 25339
PHONE: (304) 357-0709
FAX: (304) 345-5607
*Counsel for Defendants*

Agreed By:

/s/ Mark A. Toor
Mark A. Toor (WVSB # 5228)
One Bridge Place
10 Hale Street, 2nd Floor
Charleston, West Virginia 25301
PHONE: (304) 380-2111
*Counsel for Plaintiff*